880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara CLEARY, Plaintiff-Appellant,
v.
MICHIGAN BELL TELEPHONE CO., a Michigan Corporation,
Defendant-Appellee.
 No. 88-1675.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Barbara Cleary ("plaintiff") appeals the summary judgment of the district court in favor of defendant-appellee Michigan Bell Telephone Company ("defendant") in this action alleging discrimination in violation of the Michigan Handicappers Civil Rights Act ("HCRA"), Mich.Comp.Laws Ann. Sec. 37.1101 et seq. For the reasons that follow, we reverse and remand this action to the district court.
 
 I.
 
 2
 Plaintiff commenced this action on August 17, 1987. In her complaint she alleged that defendant violated the HCRA by discharging her from her past position because of her handicap. Plaintiff also alleged defendant's conduct was extremely outrageous, willful, wanton and reckless, and in violation of a collective bargaining agreement entered into between the Communications Workers of America, a union of which plaintiff was a member, and defendant.
 
 
 3
 Defendant moved for summary judgment, arguing that plaintiff's HCRA claim was completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185, and that plaintiff had failed to exhaust the grievance procedures as required under the collective bargaining agreement. The district court granted defendant's motion for summary judgment on May 31, 1988, and this timely appeal followed.
 
 II.
 A.
 
 4
 Plaintiff was employed by defendant in 1974. She worked as a maintenance administrator and was responsible for testing telephone circuits and completing basic output reports. On August 4, 1985, plaintiff was seriously injured in a nonwork-related accident. As a result, she was disabled and became unable to perform her job. She was granted a disability leave of absence pursuant to the collective bargaining agreement under which she received full disability benefits through August 10, 1986.
 
 
 5
 On August 6, 1986, plaintiff's personal physician released her to return to work subject to various physical restrictions. Plaintiff maintains that these restrictions would not have prevented her from fulfilling her past duties. On August 8, 1986, defendant's company doctor examined plaintiff and also released her to return to her employment with the restrictions outlined by plaintiff's personal physician.
 
 
 6
 Immediately after the company medical examination, plaintiff contacted her supervisor who allegedly told her that he would not allow plaintiff to return to work as she required use of a cane. Plaintiff alleges her employment was terminated on or about August 8, 1986, because of her handicap which, according to plaintiff, would not have interfered with her ability to perform her job.
 
 B.
 
 7
 The only issue on appeal is whether plaintiff's claim under the HCRA is preempted by section 301 of the LMRA. We find that this issue is resolved by our en banc decision in Smolarek v. Chrysler Corp., --- F.2d ---- (6th Cir. ____) (en banc) (slip op. Nos. 86-2074/87-1387, July 12, 1989). In Smolarek we held that claims under the HCRA are not preempted by section 301 as they do not necessitate interpretation of the collective bargaining agreement. In the present case, we likewise hold that even though the plaintiff has implicated the collective bargaining agreement, no interpretation of the collective bargaining agreement is required to resolve her HCRA claim. Thus, plaintiff's HCRA claim is "independent" of her rights under the collective bargaining agreement and is not preempted by section 301.[1] See Lingle v. Norge Div. of Magic Chef, Inc., 108 S.Ct. 1877, 1882 (1988).
 
 III.
 
 8
 Accordingly, the judgment of the district court finding plaintiff's HCRA claim completely preempted by section 301 of the LMRA is REVERSED, and the case is REMANDED for further proceedings. We intimate no view as to the ultimate outcome of this action.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The fact that plaintiff in this case has included in her complaint a claim under the collective bargaining agreement does not require a different result. As we stated in Smolarek, "[e]ven if [plaintiff] ... charge[d defendant] ... with a violation of the collective bargaining agreement ... this does not mean that Sec. 301 preempts the [HCRA] claim." --- F.2d at ----. Whether plaintiff's claim under the agreement fails for failure to grieve is not before us in this appeal